# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE SESSION, 1999

FILED

August 2, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9812-CR-00370 |
| | ) | |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. ARTHUR T. BENNETT, JUDGE |
| WILLIE B. TARTT, | ) | |
| | ) | (HABITUAL MOTOR |
| Appellant. | ) | VEHICLE OFFENDER) |

FOR THE APPELLANT:        FOR THE APPELLEE:

A. C. WHARTON
District Public Defender

JUANITA PEYTON
Assistant Public Defender
Criminal Justice Center, Suite 201
201 Poplar Avenue
Memphis, TN 38103

PAUL G. SUMMERS
Attorney General & Reporter

J. ROSS DYER
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

JOHN W. PIEROTTI
District Attorney General

LEE COFFEE
Assistant District Attorney General
Criminal Justice Center, Suite 301
201 Poplar Avenue
Memphis, TN 38103

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Willie B. Tartt, appeals from the trial court's denial of his petition for alternative sentencing in the form of probation coupled with periodic confinement.

Defendant was charged with possession of a handgun in a public place and violation of the habitual motor vehicle offender act. In conjunction with a negotiated plea agreement, Defendant pled guilty to both charges in exchange for a one (1) year sentence on the habitual motor vehicle offender act conviction and a thirty (30) day sentence for the possession of a handgun conviction, with the sentences to run concurrently. The agreement also stipulated that the trial court was to determine if the sentence should be suspended following a hearing. However, Defendant withdrew his petition for a suspended sentence and instead petitioned for probation coupled with periodic confinement in the form of weekend sentencing. The trial court denied the petition and entered judgment requiring Defendant to serve the sentence in the Shelby County workhouse.

At the hearing, the State contested the grant of Defendant's petition due to Defendant's prior criminal record. From the presentence report, it is obvious Defendant has committed a long string of criminal offenses, including many traffic offenses and convictions for armed robbery and first degree burglary. In addition, the record reflects that Defendant has been offered many opportunities for rehabilitation in his prior sentencing, including probation. It was noted by the State that Defendant committed other offenses while he was on probation. Defendant has

not had a stable history of employment and did not have a current job until urged by his counsel to become employed. In detailed findings, the trial court addressed all the relevant facts and circumstances and the appropriate sentencing principles. Tenn. Code Ann. § 40-35-210. It concluded that in light of Defendant's criminal history and inability to abide by the laws of this State, Defendant is not a proper candidate for weekend sentencing.

The trial court's judgment denying Defendant's petition for periodic confinement has not been overcome by proof from the Defendant. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). When an accused challenges the length, range or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." Ashby, 823 S.W.2d at 169. There is no error of law apparent on the record, and our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and made findings of fact adequately supported by the record. Therefore, we may not modify the sentence. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

A sentence of total confinement is appropriate because of Defendant's long history of criminal conduct and the fact that less restrictive measures have been unsuccessfully applied. Tenn. Code Ann. § 40-35-103(1). Based upon a thorough

review of the record, the briefs of the parties, and the law governing the issues presented for review, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, Judge

CONCUR:


_____
DAVID H. WELLES, Judge


_____
NORMA McGEE OGLE, Judge